### The Central Railroad *vs.* Richards.

1. Tables proved to have been used by life insurance companies by one who has been in the business for years, though not claiming to be an expert as to the tables, are admissible to show the probabilities of the duration of life.
2. Where the request to charge is not shown to be in writing, and the substance of the law indicated therein is given by the court in the general charge, and the law of the case fully and correctly given to the jury in the general charge, this court will not grant a new trial because the law is not given in the words requested.
3. The verdict is not contrary to law, nor decidedly against the weight of the evidence, nor is the amount of damage found excessive.

Evidence.    Practice in the Superior Court.    Verdict. Before Judge HALL.    Henry Superior Court.    October Term, 1873.

To the report contained in the opinion it is only necessary to add the following: The witness (Morris) whose testi-

mony was objected to, stated that his business was that of a life insurance agent; that he was acquainted with it sufficiently to conduct it, though he would not consider himself an expert; that he knew the tables used by insurance companies to estimate probable length of life. (He then described them and attached copies to his answers.)

A. R. LAWTON; SPEER & STEWART, for plaintiff in error, cited (on admission of evidence) Code, 3868; 10 *Ga.*, 513; 28 *Ib.*, 237; Code, §2770; 22 *Ga.*, 403.

BECK & BEEKS, for defendant.

JACKSON, Justice.

This was a suit brought by an engineer on a freight train belonging to the Central Railroad and Banking Company against said company, for damages to his person by being thrown from the engine while running the train, by reason of defects in the road-track.

The jury found for the plaintiff $3,000.00, and the defendant moved for a new trial, which motion was overruled, and he excepted.

1. The points made in the motion are three. First, it is objected that the court erred in admitting the testimony of an insurance agent touching life-tables and admitting the tables on his evidence. The ground of objection urged before us is that the agent was not an expert; but it appears that he was expert enough to have been employed for years about the business of life-insurance and to know what tables were used, and we see nothing wrong in admitting the evidence.

2. The next objection is that the court erred in declining to charge the jury that, " though the engineer may run faster one mile than another, yet at no point on the line would he be allowed to run over the schedule time without violating his orders, and if he did so, and an injury resulted to him, he could not recover."

The court refers to its general charge, which, upon this point, is to the effect that the engineer may go over regular schedule time, if he keeps within the limit prescribed by his instructions when behind time. That is, that if the regular time be fifteen miles an hour, and he is behind schedule time, and his instructions allow him to increase speed so many miles more—up to eighteen miles, say—and he keeps within that limit, he is not at fault. The request was not in writing, and as the judge gave the substance of it, or the proper law of the point made by it, in the general charge, it is enough. And the evidence is strong, and not contradicted at all by any one present, that he was running at the schedule time, or only reasonably faster, according to instructions.

3. The verdict is supported by evidence, and not against law, and not excessive. The plaintiff was injured for life, ruined for capacity to work at his trade—that of a railroad engineer—suffered much pain, body and mind, was but thirty-five years old, and under the evidence the jury were warranted in finding the damage to be $3,000.00, and the court did not abuse the discretion vested in it in overruling the motion to set it aside.

Judgment affirmed.